# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 5-10-CV-35

**STEPHON TRAMBER**                                                                                   **PLAINTIFF**

**v.**

**BOB PHELPS, ET AL.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff filed the above-captioned case *pro se*. The Court issued a scheduling order on March 26, 2010, stating that the parties were to conclude pretrial discovery by August 10, 2010. Defendants have attempted to serve a Notice of Deposition on Plaintiff to no avail. Defendants have also been unable to provide discovery documents to Plaintiff. On August 17, 2010, Defendants filed a motion to dismiss (Docket #16). Defendants filed the present motion seeking dismissal of this action because Plaintiff has failed to notify the parties and the Clerk of the Court of his change of address. In support of their motion, Defendants present the affidavit of Tammy Robertson, Major Chief Deputy of the Crittenden County Detention Facility. Ms. Robertson states that Plaintiff is no longer an inmate and left no forwarding address. The Court notes that Plaintiff has not contacted the Clerk of the Court with any change in address.

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Apparently, Plaintiff is no longer incarcerated at the Crittenden County Detention Center, and because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by

Defendants can be served on him. In such situations, courts have an inherent power "acting on their own initiative to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.